**McKINLEY v BEEM**

Ohio Appeals, 2nd Dist, Franklin Co

No 2891. Decided Oct 5, 1938

Corkwell & Smith, Columbus, for plaintiff-appellant.

Chapin B. Beem, Columbus, for defendant-appellee.

**OPINION**

By THE COURT

This is an appeal on questions of law from a judgment of the Common Pleas Court for defendant for his costs. The action by plaintiff was to recover a judgment against defendant in the sum of $400.00 with interest as commission on the sale of certain real estate described in the petition consisting of 111 acres, more or less, in Darby Township, Pickaway County, Ohio, which was owned at his decease by John M. Marshall for whose estate defendant was acting as administrator.

The petition is grounded upon the averments that plaintiff was employed by the defendant to sell the Marshall farm, the plaintiff to be paid 5% commission on the sale price; that pursuant to the contract he found a purchaser, namely, Clyde Delay who was ready, able and willing to make the purchase and the plaintiff so notified the defendant; that upon application to the Probate Court of Franklin County, Ohio, pursuant to §10510-32, GC, the court ordered that a commission of 5% be paid out of the proceeds of the sale of the described property.

It is further alleged that the sale price for the farm was $6800.00 which has been duly paid to the defendant by the purchaser and deed made under order of the Probate Court of Franklin County.

These averments were answered by the defendant by a general denial.

The cause came on to trial, a jury was waived, and by agreement the cause was submitted to a judge, who found for the defendant for his costs and after motion for new trial was interposed and overruled judgment was entered on the finding.

Four errors are assigned, but as we epitomize them they may all be stated under the one claim, that the finding and judgment are manifestly against the weight of the evidence. There is some discussion of the claim that the judgment is contrary to law which we will consider in general discussion of the question presented on the appeal.

Extended briefs are tendered and have been considered. The brief of the plaintiff very carefully considers all phases of the case arising upon the issues and the record.

We are favored with the written opinion of Judge Reynolds who acted as the trial judge in the absence of the jury. The de-

cision is grounded upon the proposition that in the most favorable light the state of proof was in equipoise as to the claim that plaintiff was employed to sell the farm; that inasmuch as the burden of proving the existence of such contract was upon the plaintiff he had not met that requisite and therefore could not recover.

The principle that the trial judge acting as a jury has a right to determine the credibility of the witnesses is so elementary that it seems unnecessary to call it to the attention of learned counsel. This, however, is the principle which must control in the determination of this case on review. The opinion of Judge Reynolds and the conclusion there reached is entirely compatible with the prerogatives which a trier of the facts had a right to exercise in weighing the testimony. The trial judge did not go beyond the first averment of the petition, namely, that there was a contract between the plaintiff and the defendant whereby the plaintiff was employed to sell the farm of the Marshall estate. This material averment having been set out in the petition was the obligation of the plaintiff to prove. He and the defendant were the only witnesses who could give any direct evidence on this disputed question of fact. Had the trial judge resolved the testimony on this question in favor of the plaintiff we would not set aside such a judgment.

Reading carefully the testimony of all the witnesses and that of the plaintiff and defendant with particularity on the subject of the establishment of the contract, we conclude without hesitation that upon the statement of the defendant there never was any meeting of the minds of the essential parties to the contract plead. This being true, and the trial judge had the right to believe it, it is unnecessary to consider the other essential facts which the plaintiff was obligated to prove.

It should be borne in mind that in this case we are not determining whether or not Wollam & Schleckman produced a purchaser or caused the sale to be consummated. If this were the issue we would have an entirely different and more difficult question.

The brief of plaintiff discusses at length the right of the administrator to give an exclusive listing of the farm with any agent. We do not find that this question is determinative. Granted that such exclusive listing could not legally have been made, and that the defendant in so determining misinterpreted his rights, even so, if he believed that he had a right to contract for an exclusive listing this is of considerable probative effect to support his claim that he did not contract with anyone else to sell the farm and agree to pay a commission therefor.

Though the question is not determinative we are of the opinion that the rights of the administrator thereon are well denfined. The statute, §10510-32, GC, no doubt was enacted to make possible the securing of capable assistance in the disposal of real estate by executors and administrators. This was accomplished by authorizing the court in its discretion to make provision for proper compensation for services rendered in bringing about an advantageous sale of the real estate. Subject, however, only to the reservation that the Probate Court must authorize the payment of a commission the administrator could contract with one or more agents at his discretion. We perceive no reason why, if in the interest of the estate, the administrator could not give an exclusive listing to an agent, or on the other hand place the real estate for sale with a limited number of agents.

We are not unmindful of the equities with the plaintiff which project from this record and it is unfortunate that some compensation is not forthcoming for him. However, upon the limitations of law which this court as a reviewing body must observe, we can find no prejudicial error in the action of the trial judge, nor can we say there is any showing that in entering the judgment upon the reason assigned in the opinion that the court improperly weighed the evidence.

The judgment will be affirmed.

**BARNES, PJ, HORNBECK and GEIGER, JJ, concur.**